UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ASPEX EYEWEAR, INC.; AND      )
CONTOUR OPTIK, INC.           )
                              )
        Plaintiffs,           )    Case No.:
                              )
    Vs.                       )    Judge:
                              )
CLARITI EYEWEAR, INC.         )         07 CIV. 2373
                              )
        Defendant.            )
```

FILED
MAR 2 2 2007
USDC WP SDNY

## COMPLAINT

The Plaintiffs, Aspex Eyewear, Inc. ("Aspex"), and Contour Optik, Inc. ("Contour"), (collectively referred to as "Plaintiffs"), by their attorneys, as and for their Complaint herein against Clariti Eyewear, Inc. ("Defendant"), allege the following:

### Jurisdiction and Venue

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338 (a), as this action arises under an Act of Congress relating to patents.

3.   Venue is properly established in this Court pursuant to 28 U.S.C. §§1391(b) and (c) and/or §1400, as, upon information and belief, the Defendant resides in this Judicial District and/or has engaged in acts of infringement within the jurisdiction of this Court, including this Judicial District, which acts are the subject of this Complaint.

### Parties

4.   Aspex is a corporation duly organized and existing under the laws of the state of Delaware having its principal place of business at: 2755 S.W. 32nd Avenue, Pembroke Park, Florida 33023.

5.   Contour is a corporation of Taiwan, whose post office address is 6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiayl 621, Taiwan.

6.   Upon information and belief, Defendant is a corporation organized and existing under the laws of California, with a principal place of business at 14565 Valley View Avenue, Santa Fe Springs, CA 90670.

**COUNT I – PATENT INFRINGEMENT – THE '747 PATENT**

7.   Plaintiffs incorporate by reference the allegations of paragraphs 1 through 6, inclusive, as if fully repeated herein.

8.   On August 29, 2000, the United States Patent and Trademark Office duly issued United States Patent No. 6,109,747, entitled "Eyeglass Frames with Magnets in Flanges," incorporated herein by reference and attached hereto as Exhibit A (the "'747 Patent"), to inventor David Yinkai Chao.  Chao has duly assigned to Contour all right, title and interest in the '747 Patent.

9.   Contour duly granted an exclusive license in the United States, which Aspex now holds, via its sister company Chic Optic, Inc. Therefore, Aspex is the "Exclusive Licensee" of the '747 Patent in the United States.   Contour is the record owner of the '747 Patent.

10.  As the Exclusive Licensee of the '747 Patent, Aspex has the exclusive right to make, use and sell products including eyeglass primary frames and auxiliary frames, according to the '747 Patent. Aspex also holds the right to sue for infringement of the '747 Patent in the United States.

11. The invention described and claimed in the '747 Patent has been accepted by the eyewear and fashion eyewear industries and is of great utility and value.

12. Upon information and belief, Defendant, well knowing of the '747 Patent, has infringed thereon by offering for sale and selling magnetic eyeglass frames and clip-on attachments as claimed in the '747 Patent, including without limitation those styles sold under its "AirMag" designations, within this district and on information and belief, elsewhere as well.

13. These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has the Defendant ever been authorized or otherwise granted the right to manufacture, offer for sale, sell or otherwise distribute devices made according to the '747 Patent.

14. Defendant has notice of its infringement, as prescribed in 35 U.S.C. § 287. Defendant's infringement of the '747 Patent has been willful and deliberate.

15. Upon information and belief, Defendant will continue to infringe upon the '747 Patent to the irreparable damage of

Plaintiffs, unless enjoined by the Court. Plaintiffs have no adequate remedy at law.

## COUNT II - PATENT INFRINGEMENT - THE '545 PATENT

16. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 15, inclusive, as if fully set forth in this paragraph.

17. On February 12, 2002, the United States Patent and Trademark Office issued United States Patent No. US RE37,545E, entitled "Auxiliary Lenses for Eyeglasses," incorporated herein by reference and attached hereto as Exhibit B (the "'545 Patent"). The '545 patent is a reissue of United States Patent No. 5,568,207 (which issued on October 22, 1996, the "'207 Patent") to inventor Richard Chao.

18. The '207 Patent was the subject of a prior law suit by Plaintiff Aspex Eyewear, Inc. against the Defendant Clariti Eyewear in this jurisdiction. The Defendant consented to judgment, admitting and acknowledging that it offered to sell eyeglass frames made according to the '207 Patent. The Consent Judgment was entered by Judge Chin on October 6, 1999, a copy of which is attached hereto as Exhibit C.

19. Contour and Aspex are the assignees of record of the '545 Patent, each owning a one half undivided interest, and thereby establishing joint ownership by Contour and Aspex over the '545 Patent.

20. The invention described and claimed in the '545 Patent has been accepted by the eyewear and fashion eyewear industries and is of great utility and value.

21. Upon information and belief, Defendant, well knowing of the '545 patent, has been infringing the '545 Patent by offering for sale and selling magnetic eyeglass frames and clip-on attachments as claimed in the '545 Patent, including without limitation those styles sold under its "AirMag" designations, within this district and elsewhere as well.

22. These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has the Defendant ever been authorized or otherwise granted the right to manufacture, offer for sale, sell or otherwise distribute devices made according to the '545 Patent.

23. Defendant has notice of their infringement, as prescribed in 35 U.S.C. § 287. Defendant's infringement of the '545 Patent has been willful and deliberate.

24. Upon information and belief, Defendant will continue to infringe upon the '545 Patent, to the irreparable damage of Plaintiffs, unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

**WHEREFORE,** Plaintiffs request that this Court grant Judgment in their favor, and award them the following relief:

1. Declare that Defendant's acts and conduct infringe the '747 Patent and the '545 Patent and the exclusive rights in said patent held by the Plaintiffs;

2. Declare that such infringements are willful;

3. Pursuant to 35 U.S.C. §283, enter a permanent injunction which:

   a. Enjoins the Defendant, its officers, agents, employees, privies, subsidiaries, successors, and assigns and all holding by, through or under them, and all those acting for them or in their behalf, from infringing upon the '747 Patent and the '545 Patent; and

      b.    Enjoins the Defendant, its directors, officers, agents, employees, representatives, and all other persons in active participation with them, to recall from all distributors, wholesalers, retailers and all others known to Defendant, all products which infringe upon the '747 Patent and the '545 Patent and requires Defendant to file with this court and to serve upon the Plaintiffs, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order;

      4.  Require the Defendant to account to Plaintiffs for all profits and expenses realized by Defendant and any subsidiary of Defendant;

      5.    Pursuant to 35 U.S.C. §284, award the Plaintiffs damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs, taking account of Plaintiffs' actual damages and Defendant's profits as a result of the infringement;

      6.    Pursuant to 35 U.S.C. §284, order that any award of damages be trebled;

      7.    Pursuant to 35 U.S.C. §285, find that this case is exceptional and award the Plaintiffs reasonable attorney fees as the prevailing party;

8.  Grant such other and further relief as the equity of the case may require and as this Court may deem just and proper, together with costs and disbursements of this action, including attorneys' fees.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial as to all issues triable at law, and respectfully request an early trial.

Dated: March 22, 2007

                                          Respectfully Submitted,
                                          The Plaintiffs,

By: _____
Jess Collen (JC-2875)
Matthew C. Wagner (MW-9432)
Jeffrey A. Lindenbaum (JL-1971)
Jenny T. Slocum (JT-0213)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Town of Ossining
Westchester County, NY 10562
(914) 941-5668 Tel.
(914) 941-6091 Fax.

*Counsel for Aspex Eyewear, Inc., and Contour Optik, Inc.,*