UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
ASPEX EYEWEAR, INC.,                     )
CONTOUR OPTIK, INC.,                     )
                                         )
            Plaintiffs/Counter-Defendants)     Case No.:  07 Civ. 2373
                                         )
Vs.                                      )     Judge:  Chin
                                         )
CLARITI EYEWEAR, INC.,                   )
                                         )
                                         )
            Defendant/Counter-Claimant   )
_____)

**PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND DISMISS CERTAIN COUNTERCLAIMS**

Plaintiffs, Aspex Eyewear, Inc. and Contour Optik, Inc. ("Plaintiffs") hereby file their Motion to Strike Certain Affirmative Defenses and Motion to Dismiss Counterclaims under Fed. R. Civ. P. 12 (b)(6) and (f).

**I.  Preliminary Statement**

Defendant Clariti ("Clariti") has failed to allege or identify a single fact or circumstance in connection with any of its affirmative defenses and counterclaims. *See* D.E. # 8. Clariti has alleged that Plaintiffs' patents are unenforceable, based on purported fraudulent conduct before the Patent and Trademark Office ("PTO"). Under Fed. R. Civ. P. 9(b), claims alleging fraudulent conduct need to be pled with particularity. Since Clariti's claims fail to cite a single fact supporting these allegations, including even the most basic and fundamental facts supporting same, they must be stricken. Even the liberal pleading requirements of Fed. R. Civ. P. 8 require, at a minimum, that claimant allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Clariti's failure to comply with Rule 8 is fatal.

Under Fed. R. Civ. P. 12(f), "the court may order stricken from any pleading any insufficient defense…" Where affirmative defenses are nothing more than "bare bones conclusory allegations," a Rule 12(f) motion is appropriate. *Heller Financial, Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1294-95 (7th Cir. 1989). Clariti's Answer (D.E. # 8) contains nothing but conclusory allegations that fail to meet even the minimal pleading requirements to put Plaintiffs on notice of the defenses and claims being asserted against them. Clariti's affirmative defenses in paragraphs 24, 28, 32, 37, 38, 39 should be stricken.

Clariti's counterclaims in paragraphs 9 & 13 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and the Supreme Court's recent decision in *Bell Atlantic v. Twombly*, 550 U.S.   , 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (U.S. May 21, 2007); *Taggart v. Moody's Investors Serv*., 2007 U.S. Dist. LEXIS 52765, *2 (S.D.N.Y. 2007).  Applying the Supreme Court's ruling in *Twombly,* this Court recently confirmed that "[a] complaint may be dismissed pursuant to Rule 12(b)(6) where the  complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S.   , 127 S.Ct. at 1974; *Taggart*, 2007 U.S. Dist. LEXIS 52765, *2.  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Twombly, 127 S.Ct. at 1964-74 (internal quotation omitted). In order to state a claim, "the factual allegations contained in the complaint must be enough to raise a right to relief above the speculative level." Id. at 1965. Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id. at 1974.

Following the July 9, 2007 hearing, Plaintiffs contacted Clariti to informally obtain an understanding for Clariti's bases for alleging and maintaining these claims. Clariti has provided no additional information or clarification.

## II. Clariti Has Failed to Plead With Particularity Defenses and Claims Based on Fraud

Clariti's affirmative defenses at paragraphs 24 and 28 and counterclaims at paragraphs 9 and 13 allege that Plaintiffs' patents are invalid and unenforceable. D.E. # 8 ¶¶s 24, 28, 9, 13. "A claim of patent unenforceability is premised upon inequitable conduct before the [PTO]." *Symbol Techs., Inc. v. Hand Held Prods*., 2003 U.S. Dist LEXIS 21002 *13 (D. Del. 2003); *ResQNet.com, Inc. v. Lansa, Inc*., 2004 U.S. Dist LEXIS 13579, 11-12 (S.D.N.Y. 2004). "There is no dispute that an allegation of inequitable conduct sounds in fraud and therefore must comply with Rule 9(b)." *Astra Aktiebolag v. Genpharm Inc*., 2000 U.S. Dist LEXIS, *2 (S.D.N.Y. 2000). Any claim alleging fraud, including a claim alleging inequitable conduct before the PTO must be pled with particularity. Fed. R. Civ P. 9(b). *Id.; Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C*., 482 F.3d 1347, 1356 (Fed. Cir. 2007) (holding "that inequitable conduct, while a broader concept than fraud, must be pled with particularity.").

Ignoring the Federal Rules and controlling law, Clariti merely alleges in its Answer that U.S. Patent Nos. 6,109,747 ("'747 Patent") and RE37,545 ("'545 Patent") are "invalid and/or unenforceable for failure to comply with one or more provisions of the Patents Laws of the United States, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103, and/or 112." D.E. # 8 ¶¶s 24, 28, 9, 13. Clariti's entire claim is simply a laundry list of sections contained in the Patent Act. Not only does Clariti fail to identify the factual basis for its claims of fraud, it does not even identify what section of the Patent Act it is seeking to enforce - leaving Plaintiffs to guess whether such a claim is for invalidity or unenforceability and whether such a claim falls under §§ 102, 103, 112 or some other provision. When fraud is properly alleged, the claim includes "'the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc*., 1996, U.S. Dist. LEXIS 11696 *33-34 (N.D. Cal. 1996)(quoting *Schreiber*

3

*Distributing v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). None of these requisite elements are asserted here. The Supreme Court and most recently this Court, no longer tolerates as party simply asserting labels and conclusions. *Taggart v. Moody's Investors Serv.*, 2007 U.S. Dist. LEXIS 52765, *2; *Twombly*, 550 U.S.   , 127 S.Ct. 1955, 1964-1974.

Clariti's defenses and allegations of unenforceability are not pled with the specificity that is required under Fed. R. Civ. P. 9(b). Plaintiffs are entitled to sufficient notice of Clariti's allegations. The allegations, as they now exist, do no more than inform Plaintiffs that they may have violated indefinite and unlimited sections of the Patent Act. Prior to alleging its counterclaims and invoking the jurisdiction of this Court, Clariti, pursuant to Fed. R. Civ. P. 11, is required to conduct a good faith pre-suit investigation into the facts supporting the alleged counterclaims. In this case, Clariti's obligation includes construing the claims of the patents and comparing same to the existing prior art for which it alleges invalidates Plaintiffs' patents. Additionally, Clariti is required to review the file history and identify the specific conduct before the PTO that it contends constituted fraud. Nowhere in Clariti's answer is there any evidence that Clariti conducted the requisite analysis and there certainly is no disclosure of the fruits of this investigation, or the cornerstone facts supporting its claims. Plaintiffs are entitled to adequate notice of the claims under Fed. R. Civ. P. 8(a) and 9(b). Clariti's defenses of unenforceability should be stricken, and the Court should dismiss Clariti's counterclaims for failure to comply with the pleading requirements of the Federal Rules including Rules 8(a), 9(b) and 11.

### III. **Clariti's Insufficient Claims and Defenses that the Patents are Invalid Should be Stricken and Dismissed**

Clariti has not alleged any bases to invalidate Plaintiffs' patents. It has merely cited that Plaintiffs' patents fail "to comply with one or more provisions of the Patents Laws of the United States, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102,

4

103, and/or 112." ¶¶ 24, 28, 9, 13. This precise language was alleged by the defendant in *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004) and the court found it to be "'**radically insufficient**.'" (quoting *Grid Sys. Corp. v. Texas Instruments, Inc*., 771 F. Supp. 1033, 1042 (N.D. Cal. 1991).

Clariti's allegations of invalidity do not give Plaintiffs fair notice of why the patents should be invalidated by the Court. *See id.* Instead of providing Plaintiffs with a basis for assessing and challenging the strength of Clariti's claims, Clariti has instead cited to the entire Patent Act. 35 U.S.C. 101 et seq. Sections 102, 103 and 112 alone provide for numerous ways that a patent can be invalidated, including anticipation, abandonment, obviousness, failure to disclose best mode, insufficient written description, and failure to enable one of ordinary skill in the art. Again, Clariti's bare bones and conclusory allegations are contrary to the Federal Rules because they fail to give Plaintiffs' fair notice and they fail to indicate the grounds for invalidity. At the least, Clariti must allege the grounds for invalidity. *Samsung Elecs. Co. v. Texas Instruments*, 1996 U.S. Dist. LEXIS 15111 (D. Tex. 1996). There are currently no limitations to Clariti's invalidity claim and Clariti could continuously expand the basis for this claim, as warned in *MedImmune*. See *MedImmune, Inc. v. Centocor, Inc*., 271 F. Supp. 2d 762, 771 (D. Md. 2003). Accordingly, these defenses should be stricken and the counterclaims dismissed.

**IV. Clariti Failed to Allege Any Facts in Support of its Collateral Estoppel and Res Judicata Defenses**

Clariti asserts in its Answer that "Plaintiffs' claims are barred by collateral estoppel and/or res judicata." D.E. # 8, ¶ 32. Again, Clariti has failed to identify any facts or circumstances to support such a defense. Four conditions must be met for collateral estoppel to apply:

> (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated and decided; (3) the parties must have had a full and fair opportunity to litigate in the prior proceeding, and

5

>(4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*In re Sokol*, 181 B.R. 27, 29 (S.D.N.Y. 1995) (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)). Not only did Clariti fail to identify these elements, but it failed to allege any facts that would support these required conditions. Clariti has not even identified the prior action for which estoppel or res judicate would apply. Plaintiffs have not been provided *any* notice (and certainly not fair notice as required under the Federal Rules) of the most basic and fundamental circumstances underlying this defense.

Res judicata "'precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits.'" *Hussein v. The Pierre Hotel*, 1994 U.S. Dist. LEXIS 5755 *17 (S.D.N.Y 1994)(quoting *In re PCH Assoc.*, 949 F.2d 585, 594 (2d Cir. 1991)). Clariti's failure to identify any prior proceeding that would have preclusive effect on Plaintiffs' claims in this litigation is fatal. Because there are absolutely no facts to support either collateral estoppel or res judicata, these claims should be stricken under Rule 12(f) as insufficient and immaterial. While Clariti will undoubtedly argue that Plaintiffs can further explore these defenses during discovery, Plaintiffs need at least a starting platform from which to prepare for and take written discovery and depositions.

## V. Clariti has Failed to Plead Any Facts Supporting Its Equitable Estoppel Claim so It Must Be Dismissed

To properly plead equitable estoppel, Clariti **must** allege three essential elements: (1) the party to be estopped, who usually must have had knowledge of the true facts, communicated something in a misleading way, either by words, conduct or silence; (2) the pleading party relied upon that communication; and (3) the pleading party would be harmed materially if the other party

6

is permitted to assert any claim inconsistent with his earlier conduct. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992) (en banc).

Clariti has not alleged **any** of the elements or any supporting facts that are required for this affirmative defense. Instead, it merely has recited that Plaintiffs' claims "are barred by the doctrine of laches, waiver, and/or equitable estoppel." ¶37. This is not sufficient under any interpretation and should be stricken under Rule 12(f). See *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989) (district court's grant of Rule 12(f) motion was proper since affirmative defenses failed to allege the necessary elements of the claims). An omission of any plain statement of facts, coupled with a failure to allege necessary elements of the alleged claims is sufficient to strike defenses. *Id.* at 1295. Accordingly, Clariti's affirmative defense asserted at ¶ 37 should be stricken pursuant to Fed. R. Civ. P. 12(f) since it fails to provide Plaintiffs with any notice of the claims being asserted against them.

## VI.  Clariti Has Failed to Allege Any Facts Supporting its Claims of patent Misuse and/or Unclean Hands

Clariti has asserted as a defense that "Plaintiffs' claims are barred by the doctrine of patent misuse and/or unclean hands." D.E. # 8 ¶ 38. Clariti has failed to cite any facts or circumstances that support this defense.  Alleging this defense requires "that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868-71 (Fed. Cir. 1997). There is a two part test for patent misuse that requires the party alleging misuse to show a patentee's bad faith in alleging infringement and an anti-competitive effect or purpose behind the allegation. See e.g., *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply*, 45 F.3d 1550, 1558 (Fed. Cir. 1995).

This Court has held that "[c]onclusory references to an 'anti-competitive effect' and 'improper restraint on competition' is not sufficient to adequately plead patent misuse under the liberal Rule 8(a) standard. *Takeda Chem. Indus., et al v. Alphapharm Pty, Ltd*., 2004 U.S. Dist. LEXIS 16584 *4-5 (S.D.N.Y. 2005). Here Clariti has not even pled "conclusory references" – indeed, it has pled no reference at all.  Further, this court has expressly held that use of hollow language such as that found here consists of "conclusory allegations which provide no factual basis for this defense – leaving plaintiffs utterly without notice of the misconduct alleged." *Astra Aktiebolag et al v. Genpharm, Inc*. 2000 U.S. Dist. LEXIS 2513 *6-7 (S.D.N.Y. 2000) (Court held that claims insufficiently pled where Defendant merely stated that the "patent and all the claims thereof are unenforceable due to patent misuse, and an unlawful attempt to extend patent rights." ). As the Court noted in *Astra*, this defense should be stricken under Rule 12(f), as wholly insufficient. *Id.*

## VII.  Plaintiffs Have Properly Stated a Claim in Their Complaint

Clariti has alleged that Plaintiffs have failed to state a claim upon which relief may be granted. D.E. # 8, ¶ 39. Clariti has failed to allege any facts to support this defense. To properly allege a patent infringement claim, Plaintiffs must allege that they own a patent still in force, that Defendant has infringed the patent and that Plaintiffs request relief. *Kunkel v. Topmaster Int'l, Inc*., 906 F.2d 693, 695 (Fed. Cir. 1990). In paragraphs 4, 5, 8-10, 17-19 of the Complaint, Plaintiffs outline the ownership of the patents-in-suit. In paragraph 6, Plaintiffs identify Clariti as the Defendant. In paragraphs 12-15, 18, 21-24, Plaintiffs allege that Clariti has been infringing the patents-in-suit by offering for sale and selling eyewear under its "AirMag" designations. In paragraphs 1-8 of the prayer for relief, Plaintiffs outline the relief sought under the relevant portions of 35 U.S.C. 101 et seq. This information is sufficient to give Clariti notice of the claims being

asserted under Rule 8. *Phonometrics, Inc. v. Hospitality Franchise Sys.,* 203 F.3d 790, 794 (Fed. Cir. 2000). There can be no good faith basis for maintaining this claim. Maintaining frivolous claims vexatiously expands these proceedings and violates Fed. R. Civ. P. 1. Absent the disclosure of any sustainable basis for such a defense, it should be stricken.

### VIII. Plaintiffs Have Not Waived Their Rights Under Fed. R. Civ. P 12 Since They Filed Their Pre-Motion Letter Concurrently with Their Response To Clariti's Counterclaims

In its July 3, 2007 letter to the Court in response to the scheduling of the pre-motion conference, Clariti suggested that Plaintiffs waived their right to file a Rule 12 Motion. Clariti is wrong. Plaintiffs submitted to the Court their Pre-Motion letter, pursuant to Your Honor's individual practices, <u>concurrently</u> with their Response to Clariti's counterclaims. This pre-motion letter was equivalent to having filed a Rule 12 motion. When a Rule 12 motion is filed concurrently with the answer, the motion should be "'view[ed] as having preceded the answer and thus as having been interposed in a timely fashion.'" *Kuhlmeier v. Hazelwood School Dist.*, 578 F. Supp. 1286, 1290 (D. Mo. 1984)(*quoting* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1361 at 634 (1969)); see also *Contois v. State Mut. Life Assurance Co.*, 66 F. Supp. 76, 77 (D.C. Ill. 1945), aff'd, 156 F.2d 44 (7th Cir. 1946)("When a defendant files a Rule 12(b) motion simultaneously with his answer, this Court has discretion to view the motion as having preceded the answer, and thus, as having been timely presented.") "Although Fed. R. Civ. P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer" *Beary v. West Pub. Co.,* 763 F.2d 66, 68 (2d Cir. 1985). Plaintiffs' pre-motion request was therefore timely submitted, thereby preserving all issues under Rule 12.

Indeed, this Court has held that "Rule 12 does not mandate that a defendant present a defense by motion prior to asserting it in a responsive pleading." *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 102 (S.D.N.Y. 1985)(citing *Birge v. Delta Air Lines, Inc.*, 597 F. Supp. 448, 450 (N.D.

Ga. 1984)). Instead, the defense must be raised in a reasonably timely fashion. *Luv N' Care, Ltd. v. Babelito, S.A.,* 306 F. Supp. 2d 468, 472-473 (S.D.N.Y. 2004). A Rule 12 motion that is filed after a responsive pleading can be considered timely. *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elecs. Co.,* 1994 U.S. Dist. LEXIS 6148, 3-4 (S.D.N.Y. 1994); *M. Lowenstein & Sons, Inc. v. Austin*, 430 F. Supp. 844, 845 (S.D.N.Y. 1997). Because Plaintiffs timely raised all of the aforementioned Rule 12 issues in its responsive pleading and concurrently with their Pre-Motion letter to the Court, there is no waiver. *See Johnson v. Brickhouse*, 2003 U.S. Dist. LEXIS 2269 (S.D.N.Y. 2003); *Tex. Taco Cabana, L.P. v. Taco Cabana of N.M., Inc*., 304 F. Supp. 2d 903, 907 (W.D. Tex. 2003).

## IX. Conclusion

Clariti has failed to allege a single fact that supports any of its affirmative defenses and counterclaims. For the foregoing reasons, the affirmative defenses listed in ¶¶ 24, 28 32, 37, 38 and 39 should be STRICKEN and the counterclaims in ¶¶ 9 and 13 should be DISMISSED.

Respectfully submitted,

By: /s Jeffrey A. Lindenbaum
Matthew C. Wagner   (MW-9432)
Jeffrey A. Lindenbaum (JL-1971)
Jenny T. Slocum (JS-0213)
COLLEN *IP*
Intellectual Property Law
80 South Highland Avenue
Ossining, New York 10562
(914) 941-5668 Tel.
(914) 941-6091 Fax
*Attorneys for Plaintiffs*
ASPEX EYEWEAR, INC. &
CONTOUR OPTIK, INC.

DATED: July 30, 2007

## **CERTIFICATE OF SERVICE**

I, Jeffrey A. Lindenbaum, hereby certify that I electronically filed Plaintiffs' Motion to Strike Certain Defendant's Affirmative Defenses and Motion to Dismiss Counterclaims with the Clerk of Court using the CM/ECF filing system which will send notification of such filing to the following :

**Kevin N. Ainsworth**
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.(NYC)
Chrysler Center
666 Third Avenue
New York, NY 10017
212-692-6745
Fax: 212-983-3115
Email: kainsworth@mintz.com

**Seth Robert Goldman**
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.(NYC)
Chrysler Center
666 Third Avenue
New York, NY 10017
(212)-692-6845
Fax: (212)-983-3115
Email: srgoldman@mintz.com


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s Jeffrey A. Lindenbaum


Dated: July 30, 2007