UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASPEX EYEWEAR, INC., AND CONTOUR OPTIK, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CLARITI EYEWEAR, INC.,<br><br>　　　　　　Defendant.<br><br>CLARITI EYEWEAR, INC.,<br><br>　　　　　　Counterclaim-Plaintiff,<br><br>　v.<br><br>ASPEX EYEWEAR, INC., AND CONTOUR OPTIK, INC.,<br><br>　　　　　　Counterclaim-Defendants. | Case No.: 07 Civ. 2373 (DC) |

**MEMORANDUM OF LAW OF
DEFENDANT/COUNTERCLAIM-PLAINTIFF CLARITI EYEWEAR, INC. IN
OPPOSITION TO PLAINTIFFS'/COUNTERCLAIM-DEFENDANTS'
RULE 12 MOTION TO DISMISS AND IN SUPPORT OF CLARITI'S
CROSS-MOTION, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT**

MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.
666 Third Avenue, 25th Floor
New York, New York 10017
Phone: (212) 935-3000
*Attorneys for Defendant/Counterclaim-Plaintiff Clariti Eyewear, Inc.*

Defendant/Counterclaim-Plaintiff Clariti Eyewear, Inc. ("Clariti"), through its undersigned counsel, submits this memorandum of law in opposition to Plaintiffs'/Counterclaim-Defendants' ("Plaintiffs") Rule 12 Motion To Dismiss and in support of Clariti's cross-motion, in the alternative, to dismiss the complaint (a copy of which is attached hereto as Exhibit A) pursuant to Rule 12(b)(6) for failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiffs' motion to strike certain affirmative defenses and dismiss certain counterclaims by Clariti is a waste of both time and judicial resources, and should be denied for at least four reasons.

*First*, Plaintiffs' motion is terribly hypocritical and seeks to impose a double-standard. Plaintiffs' complaint suffers from the very same infirmities that they argue should result in dismissal of Clariti's defenses and counterclaims. Thus, if Plaintiffs' motion is granted in any part, the Court should not stop with Clariti's pleadings but should dismiss the entire case.

*Second*, Plaintiffs' motion is nothing but a litigation tactic that ignores the liberal notice pleading rules and that improperly is designed to increase Clariti's expenses in defending this action.

*Third*, Plaintiffs' claims that they lack sufficient notice of the basis for Clariti's invalidity claims and affirmative defenses is incorrect.

And *fourth*, Plaintiffs' argument that Clariti has insufficiently pled a fraud claim is a red herring. Clariti has not currently pled a counterclaim for fraud or inequitable conduct (but reserves the right to do so, especially after further discovery).

For these reasons, and because Plaintiffs filed a responsive pleading before filing this motion to dismiss, Plaintiffs' motion should be denied. *See* Fed. R. Civ. P. 12(b), (e) and (f).

### I.    PLAINTIFFS' MOTION IS HYPOCRITICAL

To the extent Plaintiffs' motion has any merit, the same "flaws" it identifies in Clariti's defenses and counterclaims are also found in Plaintiffs' complaint.

While Plaintiffs purport to state claims for patent infringement, the Complaint does not tell Clariti which claims of the patents-in-suit are infringed. Nor does the Complaint tell Clariti which particular products supposedly infringe. The Complaint's sole attempt to identify the allegedly infringing products is in paragraphs 12 and 21. Paragraph 12 reads as follows:

> 12. Upon information and belief, Defendant, well knowing of the '747 Patent, has infringed thereon by offering for sale and selling magnetic eyeglass frames and clip-on attachments as claimed in the '747 Patent, *including without limitation* those styles sold under its "AirMag" designations, within this district and on information and belief, elsewhere as well.

(Emphasis added.) Paragraph 21 contains the same, ambiguous "without limitation" language, but relates to the '545 Patent. That Complaint, therefore, fails to give adequate notice of the products that allegedly infringe the patents-in-suit.

Plaintiffs, nevertheless argue that Clariti should be held to a higher standard and should be required to recite with factual detail how its unspecified products do not infringe unidentified claims, and how those unidentified claims are invalid. As a matter of logic and common sense, this double standard should not be foisted upon Clariti. Any

order dismissing claims on the grounds urged by Plaintiffs should also dismiss the entire case, without prejudice to Plaintiffs' ability to refile their complaint.[1]

## II. CLARITI HAS MET THE NOTICE PLEADING STANDARD

The federal rules were designed to liberalize pleading requirements. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 513-14 (2002). This includes both claims and affirmative defenses. *See Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) ("liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses"); *Barnwell & Hays, Inc. v. Sloan*, 564 F.2d 254, 256 (8th Cir. 1977) (noting that federal rules were intended to liberalize pleading requirements and that failure to use term "waiver" in answer "impose[d] a requirement of undue formalism . . . inconsistent with that liberal purpose"); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 at 455-56 (2d ed. 1990) ("[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives Plaintiff fair notice of the nature of the defense").

Following these liberal pleading requirements, courts have widely recognized that motions to strike affirmative defenses are generally disfavored. *See Securities and Exchange Commission v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992) ("Motions to strike are generally not favored and will be denied unless it is clear that under no circumstances could the defenses succeed."); *U.S. v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) ("Motions to strike a defense as insufficient are not favored by the courts because of their dilatory character. Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to

---

[1] Dismissing the entire case would also moot Clariti's pending motion to stay the case pending a decision by the U.S. Patent & Trademark Office on Clariti's requests for reexamination of the two patents-in-suit.

3

the moving party.") (*quoting* Wright & Miller, Federal Practice and Procedure 2d § 1381); *Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1114 (D.N.J. 1991) (motions to strike affirmative defenses are not to be granted "unless it appears to a certainty that Plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.").

Clariti's answer and counterclaims meet the liberal, notice pleading requirements. Clariti has given Plaintiffs notice of its various defenses and has also indicated, through its counterclaims, its disagreement with Plaintiffs' allegations that Plaintiffs' yet-to-be-specified patent claims are valid and infringed by unnamed products.[2] Moreover, nowhere in their motion do Plaintiffs suggest that they cannot obtain further detail and narrowing of the factual bases for Clariti's defenses and counterclaims through discovery, such as interrogatories and document requests. Indeed, the very purpose of discovery is to allow a party to learn and narrow the factual bases for claims and defenses. And Clariti already has provided, in response to Plaintiffs' discovery demands, in letters to this Court, and in the applications for reexamination filed by Clariti with the U.S. Patent and Trademark Office (the "PTO"), detailed information concerning Clariti's counter-claims and affirmative defenses.

Given the undeniable availability of discovery and the liberal notice pleading requirements, Plaintiffs' motion should be denied.[3]

---

[2]   When Clariti asked Plaintiffs to identify the claims in issue, Plaintiffs sent a letter stating that "at least" certain claims were alleged to be infringed. First, the use of "at least" means that Plaintiffs have essentially failed to identify which specific claims are at issue, and second, if Plaintiffs' use of a letter was sufficient for them to have "pled" which claims are at issue, Plaintiffs' motion is moot because Clariti already has provided or will provide in discovery the information that Plaintiffs seeks (such as via the reexamination request).

[3]   To the extent Plaintiffs' motion seeks to "strike" or dismiss particular paragraphs of Clariti's pleading--as opposed to specific defenses or counterclaims--the motion is infirm. Individual portions of a pleading should not be stricken unless their contents are shown to be wholly irrelevant,

4

### III. PLAINTIFFS' ATTACKS ON CLARITI'S INVALIDITY CONTENTIONS AND DEFENSES ARE MISPLACED

Given the liberal pleading requirements and stage of this case, Plaintiffs' attacks on Clariti's defenses and counterclaims related to invalidity are equally misplaced.

Again, Plaintiffs' arguments impose a double-standard. The Complaint did not identify specific patent claims that are allegedly infringed by specific products, but Plaintiffs argue that Clariti should be required to specifically plead such facts in its responsive pleading. This is improper.

In any event, Plaintiffs already have knowledge of the bases of Clariti's invalidity contentions here. Plaintiffs are well-aware that Clariti has filed a request with the USPTO for reexamination of the patents-in-suit. The papers Clariti submitted in support of that request show in substantial part much of Clariti's invalidity contentions. Moreover, Clariti has already provided Plaintiffs with discovery responses that gave them information regarding Clariti's affirmative defenses. In addition, Clariti's request to file a motion for summary judgment regarding equitable estoppel and laches provided specific facts and information as to that defense. Given all the information Plaintiffs have received, it is unclear what they hope to gain by this motion. Regardless, any argument by Plaintiffs that they are prejudiced and lack sufficient notice is simply unfounded.

Finally, as discovery progresses, expert analysis occurs, and the claims are interpreted in a *Markman* hearing, Clariti may assert additional bases for invalidity.

---

redundant, immaterial, impertinent or scandalous to the opposing party and the opposing party establishes that the content is clearly prejudicial. *See* Fed. R. Civ. Proc. 12(f); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001).

### IV.  PLAINTIFFS ATTACK A FRAUD CLAIM THAT CLARITI SIMPLY HAS NOT PLED

Plaintiffs spend multiple pages of their brief arguing that fraud and inequitable conduct must be pled with particularity and that Clariti's "fraud" and "inequitable conduct" counterclaims do not meet this standard. In one sense, Plaintiffs are right; fraud-based counterclaims must be pled with particularity. But that is irrelevant at this time *because Clariti has yet to assert such counterclaims*. Plaintiffs' motion is therefore misdirected and confusing because it attacks claims Clariti simply has not yet pled.

To be sure, Clariti ultimately may assert such claims. When appropriate, Clariti will seek leave to amend to adequately plead any such claims. But for purposes of Plaintiffs' motion here, Plaintiffs' arguments about non-existent Clariti claims should be ignored.

## VI. CONCLUSION

As detailed in Clariti's July 3, 2007 letter to the Court, Plaintiffs' motion is untimely because they waived their right to pursue this motion when they filed a responsive pleading. None of Plaintiffs' arguments in its motion justifies or excuses its waiver. Moreover, Plaintiffs' motion lacks merit and should be denied. Alternatively, if any part of Plaintiffs' motion is granted, the Complaint also should be dismissed because it fails to adequately state claims for infringement of the two patents-in-suit.

Respectfully submitted,

Dated: September 28, 2007        MINTZ LEVIN COHN FERRIS GLOVSKY and
POPEO, P.C.


By: ___/s Kevin N. Ainsworth_____
Kevin N. Ainsworth (KA 8493)
666 Third Avenue, 25th Floor
New York, New York 10017
Phone: (212) 935-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*CLARITI EYEWEAR, INC.*

*OF COUNSEL:*
Andrew D. Skale, Esq.
MINTZ LEVIN COHN FERRIS GLOVSKY
and POPEO, P.C.
9255 Towne Centre Drive, Suite 600
San Diego, California 92121-3039
Phone: (858) 320-3000
Email: askale@mintz.com