## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ASPEX EYEWEAR, INC. and<br>CONTOUR OPTIK, INC., | : | Civil Action No. 07-cv- 2373 (DC) (THK) |
| | : | |
| Plaintiffs, | : | District Judge Denny Chin |
| v. | : | Magistrate Judge Theodore H. Katz |
| | : | |
| CLARITI EYEWEAR, INC., | : | |
| | : | |
| Defendant. | : | JURY DEMAND |
| | x | |
| CLARITI EYEWEAR, INC., | : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| v. | : | |
| | : | |
| ASPEX EYEWEAR, INC. and<br>CONTOUR OPTIK, INC., | : | |
| | : | |
| Counterclaim Defendants. | x | |

## PLAINTIFFS' ANSWER TO AMENDED
## COUNTERCLAIM AND AFFIRMATIVE DEFENSES

The plaintiffs Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") (hereinafter referred to as "plaintiffs"), through counsel, hereby answer the counterclaims of Clariti Eyewear, Inc. ("defendant"), as follows:

### OBJECTIONS TO DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES

Plaintiffs object to defendant's misuse allegation in paragraph 39 of Defendant's Affirmative Defenses, because that allegation is insufficient as a matter of law, is not recognized as an affirmative defense in these circumstances, and fails to comply with the pleading requirements of Fed. R. Civ. P. 9(b).  Defendant has not set forth any set of facts under which a patent misuse defense could be asserted or sustained.

Plaintiffs further object to the allegation of unclean hands in paragraph 39 of defendant's affirmative defenses to the extent such allegation involves any defense not described in Counts V and VI of defendant's counterclaim.  Any such defense is insufficient as a matter of law, is not recognized as an affirmative defense in these circumstances, and fails to comply with the pleading requirements of Fed. R. Civ. P. 9(b).

## RESPONSE TO COUNTERCLAIM

### Parties

1.     Plaintiffs admit the allegations contained in paragraph 1 of Defendant's Counterclaim.

2.     Plaintiffs admit the allegations contained in paragraph 2 of Defendant's Counterclaim.

3.     Plaintiffs admit the allegations contained in paragraph 3 of Defendant's Counterclaim.

### Jurisdiction And Venue

4.     Plaintiffs admit the allegations contained in paragraph 4 of Defendant's Counterclaim.

5.     Plaintiffs admit the allegations contained in paragraph 5 of Defendant's Counterclaim.

6.     Plaintiffs admit the allegations contained in paragraph 6 of Defendant's Counterclaim.

853855_1.DOC

## Count I

7.      Plaintiffs reallege paragraphs 1-6 above, as fully and completely as if set forth herein.

8.      Plaintiffs deny the allegations contained in paragraph 8 of Defendant's Counterclaim.

9.      Plaintiffs are without knowledge sufficient to admit or deny the allegations of paragraph of Defendant's Counterclaim, and therefore deny those allegations.  Among other things, plaintiffs do not have knowledge of defendant's interpretation of the claims of U.S. Patent Nos. 6,231,179 ("the '179 Patent") and 6,375,321 ("the '321 Patent").

10.     Plaintiffs admit the allegations contained in paragraph 10 of Defendant's Counterclaim.

## Count II

11.     Plaintiffs reallege paragraphs 1-10 above, as fully and completely as if set forth herein.

12.     Plaintiffs deny the allegations contained in paragraph 12 of Defendant's Counterclaim.

13.     Plaintiffs admit that on October 26, 2007, the United States Patent and Trademark Office ("Patent Office") granted a request for *ex parte* reexamination of claims 1-3, 10, and 12 of the U.S. Patent No. 6,109,747 ("the '747 Patent") and stated that a substantial new question of patentability as to those claims was raised by the request for reexamination, which discussed Japanese Published Patent Application No. JP 09101489A by Iwamoto ("the Iwamoto Publication") and U.S. Patent No. 6,149,269 to Madison ("the Madison Patent").  Plaintiffs otherwise deny the allegations contained in paragraph 13 of Defendant's Counterclaim.

3

14.     Plaintiffs admit that on October 26, 2007, the Patent Office issued an order granting *ex parte* reexamination of claims 1-3, 10, and 12 of the '747 Patent.  Plaintiffs deny that any of the arguments raised in the request for reexamination or in the order granting reexamination provide a basis for invalidating any claim of the '747 Patent.

15.     Plaintiffs deny the allegations contained in paragraph 15 of Defendant's Counterclaim.

16.     Plaintiffs deny the allegations contained in paragraph 16 of Defendant's Counterclaim.

17.     Plaintiffs deny the allegations contained in paragraph 17 of Defendant's Counterclaim.

18.     Plaintiffs admit the allegations contained in paragraph 18 of Defendant's Counterclaim.

## Count III

19.     Plaintiffs reallege paragraphs 1-18 above, as fully and completely as if set forth herein.

20.     Plaintiffs deny the allegations contained in paragraph 20 of Defendant's Counterclaim.

21.     Plaintiffs are without knowledge sufficient to admit or deny the allegations of paragraph 21 of Defendant's Counterclaim, and therefore deny those allegations.  Among other things, plaintiffs do not have knowledge of defendant's interpretation of the claims of the '179 Patent and the '321 Patent.

22.     Plaintiffs admit the allegations contained in paragraph 22 of Defendant's Counterclaim.

4

## Count IV

23.     Plaintiffs reallege paragraphs 1-22 above, as fully and completely as if set forth herein.

24.     Plaintiffs deny the allegations contained in paragraph 24 of Defendant's Counterclaim.

25.     Plaintiffs admit that on November 28, 2007, the Patent Office granted a request for *ex parte* reexamination of claims 1-9, 12, 13, 16-20, 23, 24, and 31-34 of U.S. Patent No. RE 37,545 ("the '545 Patent") and stated that a substantial new question of patentability as to those claims was raised by the request for reexamination, which discussed United States Patent No. 5,867,244 to Martin ("the Martin Patent"), United States Patent No. 5,642,177 to Nishioka ("the Nishioka Patent") and United States Patent No. 5,416,537 to Sadler ("the Sadler Patent"). Plaintiffs otherwise deny the allegations contained in paragraph 25 of Defendant's Counterclaim.

26.     Plaintiffs admit that on November 28, 2007, the Patent Office issued an order granting *ex parte* reexamination of the '545 Patent.  Plaintiffs deny that any of the arguments raised in the request for reexamination or in the order granting reexamination provide a basis for invalidating any claim of the '545 Patent.  Plaintiffs deny that on November 28, 2007, the Patent Office issued an order granting reexamination of the '747 Patent.

27.     Plaintiffs deny the allegations contained in paragraph 27 of Defendant's Counterclaim.

28.     Plaintiffs admit the allegations contained in paragraph 28 of Defendant's Counterclaim.

853855_1.DOC

## Count V

29.     Plaintiffs reallege paragraphs 1-28 above, as fully and completely as if set forth herein.

30.     Plaintiffs deny the allegations contained in paragraph 30 of Defendant's Counterclaim.

31.     Plaintiffs deny the allegations contained in paragraph 31 of Defendant's Counterclaim.

32.     Plaintiffs deny the allegations contained in paragraph 32 of Defendant's Counterclaim.

33.     Paragraph 33 sets forth a legal conclusion as to which no response is required.

34.     Plaintiffs admit that Richard Chao of Contour Optik testified that he was aware of the application for the Madison Patent at some point before issuance of the '747 Patent. Plaintiffs otherwise deny the allegations of paragraph 34.

35.     Plaintiffs admit that Richard Chao of Contour Optik participated in an interference proceeding before the Patent Office involving U.S. Patent No. 5,568,207 ("the '207 Patent") and U.S. Patent Application No. 08/655,828 to Iwamoto.  Plaintiffs deny the remaining allegations contained in paragraph 35 of Defendant's Counterclaim.

36.     Plaintiffs admit that Richard Chao, and possibly others at Contour Optik, were aware of U.S. Patent Application No. 08/655,828; Japanese Patent Application No. 07-156,856; and Japanese Patent Application No. 08-153,172.  Plaintiffs otherwise deny the allegations contained in paragraph 36 of Defendant's Counterclaim.

37.     Plaintiffs deny the allegations contained in paragraph 37 of Defendant's Counterclaim.

853855_1.DOC

38.     Plaintiffs admit that on September 21, 2000, Aspex Eyewear, Inc. received an assignment of an interest in the application for the Madison Patent.  At that time, prosecution of the '747 Patent was already closed.  The Madison Patent thereafter issued on November 21, 2000, at which time Aspex Eyewear, Inc. took ownership of the Madison Patent.  Plaintiffs otherwise deny the allegations contained in paragraph 38 of Defendant's Counterclaim.

39.     Plaintiffs deny the allegations contained in paragraph 39 of Defendant's Counterclaim.

40.     Plaintiffs deny the allegations contained in paragraph 40 of Defendant's Counterclaim.

41.     Plaintiffs deny the allegations contained in paragraph 41 of Defendant's Counterclaim.

42.     Plaintiffs admit that on October 26, 2007, the Patent Office granted a request for *ex parte* reexamination of claims 1-3, 10, and 12 of the '747 Patent and stated that a substantial new question of patentability as to those claims was raised by the request for reexamination, which discussed the Iwamoto Publication and the Madison Patent.  Plaintiffs otherwise deny the allegations contained in paragraph 42 of Defendant's Counterclaim.

43.     Plaintiffs deny the allegations contained in paragraph 43 of Defendant's Counterclaim.

44.     Plaintiffs deny the allegations contained in paragraph 44 of Defendant's Counterclaim.

45.     Plaintiffs admit the allegations contained in paragraph 45 of Defendant's Counterclaim.

853855_1.DOC

46.    Plaintiffs deny the allegations contained in paragraph 46 of Defendant's Counterclaim.

47.    Plaintiffs deny the allegations contained in paragraph 47 of Defendant's Counterclaim.

48.    Plaintiffs deny the allegations contained in paragraph 48 of Defendant's Counterclaim.

49.    Plaintiffs deny the allegations contained in paragraph 49 of Defendant's Counterclaim.

50.    Plaintiffs admit the allegations contained in paragraph 50 of Defendant's Counterclaim.

## Count VI

51.    Plaintiffs reallege paragraphs 1-50 above, as fully and completely as if set forth herein.

52.    Plaintiffs deny the allegations contained in paragraph 52 of Defendant's Counterclaim.

53.    Plaintiffs deny the allegations contained in paragraph 53 of Defendant's Counterclaim.

54.    Plaintiffs deny the allegations contained in paragraph 54 of Defendant's Counterclaim.

55.    Plaintiffs admit the allegations contained in paragraph 55 of Defendant's Counterclaim.

56.    Plaintiffs deny the allegations contained in paragraph 56 of Defendant's Counterclaim.

57.     Plaintiffs deny the allegations contained in paragraph 57 of Defendant's Counterclaim.

58.     Plaintiffs deny the allegations contained in paragraph 58 of Defendant's Counterclaim.

59.     Plaintiffs deny the allegations contained in paragraph 59 of Defendant's Counterclaim.

60.     Plaintiffs admit the allegations contained in paragraph 60 of Defendant's Counterclaim.

### DEFENSES

### First Defense

Defendants' accused devices infringe the patents-in-suit.

### Second Defense

The patents-in-suit are valid and enforceable.

### Third Defense

The allegations in paragraphs 45-49 and 52-59 of Counts V and VI fail to state a claim or defense upon which relief can be granted.

WHEREFORE, Defendant's Counterclaim should be dismissed with prejudice, all relief requested by defendant should be denied, and the Court should enter judgment in plaintiffs' favor, including the following:

1.     That the Defendant's Counterclaim is dismissed with prejudice;

2.     That the patents-in-suit be declared valid and enforceable as against defendant;

3.     That the patents-in-suit be declared infringed by defendant;

4.     That the plaintiffs be awarded their costs, expenses, and reasonable attorney fees, under 35 U.S.C. § 285 and other applicable laws and statutes; and

9

853855_1.DOC

5.      That the plaintiffs be granted such other and further relief as this Court may deem just and proper.

Respectfully Submitted,


By:   __/s Russell W. Faegenburg
Russell W. Faegenburg (RF-3041)
LERNER, DAVID, LITTENBERG,
   KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000 Tel.
(908) 654-7866 Fax.


COLLEN IP
Jess M. Collen
Matthew C. Wagner
Jeffrey A. Lindenbaum
Jenny T. Slocum
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining-on-Hudson, NY 10562
Tel:    914.941.5668
Fax:    914.941.6091

*Attorneys for Plaintiffs Aspex
Eyewear, Inc. and Contour Optik, Inc.*

Dated: February 28, 2008

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the within PLAINTIFFS' ANSWER TO AMENDED COUNTERCLAIM AND AFFIRMATIVE DEFENSES, has been filed electronically and is available for viewing and downloading from the ECF System, and is being served upon the following counsel of record this 28th day of February, 2008, as follows:

**VIA ECF TRANSMISSION**

Kevin N. Ainsworth, Esq.
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. (NYC)
Chrysler Center
666 Third Avenue
New York, NY 10017
E-mail:  kainsworth@mintz.com

Seth Robert Goldman, Esq.
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. (NYC)
Chrysler Center
666 Third Avenue
New York, NY 10017
E-mail:  srgoldman@mintz.com

*Attorneys for Defendant Clariti Eyewear, Inc.*

s/  Steven L. Procaccini
Steven L. Procaccini

ASPEX 6.1-002
Civil Action No. 07-cv-2373

854007_1.DOC