

600 SOUTH AVENUE WEST • WESTFIELD, NEW JERSEY 07090
908.654.5000 • FAX 908.654.7866 • WWW.LDLKM.COM

PATENTS, TRADEMARKS, COPYRIGHTS & UNFAIR COMPETITION

# MEMO ENDORSED

Russell W. Faegenburg
908.518.6367
rfaegenburg@ldlkm.com

March 25, 2008

**VIA FACSIMILE** (212.805.7906)
The Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1020
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08
```

    Re:  ASPEX 6.1-002
         *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*
         Civil Action No. 07-2373 (DC) (THK)

Dear Judge Chin:

I write on behalf of plaintiffs Aspex and Contour to seek clarification of Your Honor's March 21, 2008 Order reinstating Clariti's motion for summary judgment.

Clariti's motion for summary judgment involves five separate grounds, but Clariti has not sought a premotion conference on a number of them. Although the Court conducted a premotion conference regarding Clariti's equitable estoppel and laches defenses several months ago, Clariti never sought such a conference with respect to alleged patent invalidity for anticipation and obviousness or alleged unenforceability for inequitable conduct. Plaintiffs submit that Clariti's motion on these defenses is premature because expert discovery regarding invalidity has not yet occurred and may be highly pertinent to Clariti's invalidity and unenforceability allegations. In fact, the Court has not yet issued a claim interpretation ruling under *Markman*, which must occur before patent validity and enforceability can be assessed.

Plaintiffs are mindful that the Court has ordered Clariti to present a single, unified summary judgment motion, and, accordingly, suggest that plaintiffs' response to Clariti's entire motion be deferred until after expert discovery has taken place. At the very least, however, plaintiffs respectfully request that responses to the invalidity and inequitable conduct portions of Clariti's motion, for which expert reports have not been submitted and expert depositions have not been taken, see F. R. Civ. P. 56(f), be deferred.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.*

RUSSELL W. FAEGENBURG

RWF/def
cc:  Kevin Ainsworth, Esq. (via e-mail) (KAinsworth@mintz.com)
     Matthew Wagner, Esq. (via e-mail) (mwagner@collenip.com)

861514_1.DOC

*[Handwritten endorsement:]* Defendant may move for summary judgment on any grounds it reasonably believes would be appropriate. Plaintiffs are free to submit a Rule 56(f) affidavit if they wish. SO ORDERED. 3/31/08 /s/ DC