Kevin N. Ainsworth (KA 8493)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, New York 10017
Phone: 212.692.6745
Fax:    212.983.3115
*Attorneys for Defendant Clariti Eyewear, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- )
ASPEX EYEWEAR, INC.,                                       )
                                                           )
                    Plaintiff,                             )   Case No. 07 Civ. 2373 (DC)(THK)
                                                           )
            vs.                                            )   **DECLARATION OF**
                                                           )   **KEVIN N. AINSWORTH**
CLARITI EYEWEAR, INC.,                                     )
                                                           )
                    Defendant.                             )
                                                           )
---------------------------------------------------------- )
                                                           )

I, Kevin N. Ainsworth, hereby declare the following to be true under penalty of perjury:

1. I am a member in good standing of the bars of the State of New York and the State of New Jersey, and I am admitted to practice in this Court. I am a member of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., attorneys for Defendant Clariti Eyewear, Inc. ("Clariti"). I submit this declaration in further support of the pending Motion of Defendant Clariti for Summary Judgment, filed March 18, 2008. The Court, in a memo endorsement dated October 16, 2008, has granted Clariti permission to file this declaration to submit new evidence.

2. Enclosed as Exhibit A is a true and correct copy of an office action that the U.S. Patent and Trademark Office ("PTO") issued on September 30, 2008 (the "Office Action"), rejecting claims 1-3, 10, 12, and 14-19 of U.S. Patent Number 6,109,747 (the "'747 Patent").

3.  Plaintiffs have accused Clariti of infringing claims 10 and 12 of the '747 Patent. All other claims asserted by Plaintiffs in this action have been voluntarily dismissed.

4.  In March 2008, Clariti filed a motion for summary judgment, seeking (a) a declaration that claims 10 and 12 of the '747 Patent are invalid; and (b) a finding that the '747 Patent is unenforceable as a result of Plaintiffs' inequitable conduct during the prosecution of that patent in the PTO. That motion was fully briefed as of May 16, 2008.

5.  Clariti asks the Court to consider the Office Action as further evidence that the '747 Patent is invalid. In connection with Clariti's motion, Clariti presented evidence to support a summary judgment declaring claims 10 and 12 of the '747 Patent to be invalid in light of two prior art references: (a) Japanese Patent No. JP 09-10148 issued to Iwamoto (the "Iwamoto Patent"), and (b) U.S. Patent No. 6,149,269, issued to Madison (the "Madison Patent"). (*See* Mem. of L. in Support of Motion of Def. Clariti Eyewear, Inc., for Summary Judgment, dated Mar. 18, 2008 ("Clariti's Memo of Law"), at 13-17; Reply Mem. of L. in Support of Motion of Def. Clariti Eyewear, Inc., for Summary Judgment ("Clariti's Reply Memo"), at 8-9.) The Office Action states that claims 10 and 12 are rejected as being (a) *anticipated* by the Iwamoto Patent under 35 U.S.C. §102(a) (*see* Office Action at 5); and (b) *anticipated* by the Madison Patent under 35 U.S.C. §102(e). (*See* Office Action at 14). The reasons cited by the PTO for the invalidity of claims 10 and 12 of the '747 Patent lend further support to Clariti's argument that the claims at issue in this action are invalid.

6.  Clariti also asks the Court to consider the Office Action as further evidence that the patent owner committed inequitable conduct before the PTO during the prosecution of the '747 Patent. In connection with Clariti's motion for summary judgment, Clariti presented evidence that the patent application that matured into the Madison Patent (the "Madison Application") was

2

known to the owner of the '747 Patent and wrongfully withheld from the PTO during the prosecution of the '747 Patent. Clariti also has presented evidence that the Madison Application was *material* to the '747 Patent. (*See* Clariti's Memo of Law at 19; Clariti's Reply Memo at 9-10.) Plaintiffs have disputed the materiality of the Madison Application. (*See* Pls' Mem. in Oppn. to Def's Motion for Summary Judgment at 25.) But the PTO now has rejected the '747 Patent as *anticipated* by the Madison Patent—*i.e.*, the Office Action states that the Madison Patent discloses every element of the rejected claims. Accordingly, there can be no genuine dispute that the Madison Application was material to the '747 Patent application.

7. For the foregoing reasons and for the reasons stated in Clariti's Memo of Law and Reply Memo, Clariti's motion for summary judgment should be granted, the claims against Clariti should be dismissed, the '747 Patent should be declared invalid, the '747 Patent should be declared unenforceable due to inequitable conduct, and Clariti should be awarded attorneys' fees under 35 U.S.C. § 285.

Dated:  New York, New York
        October 16, 2008

MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO, P.C.

         s/
Kevin N. Ainsworth (KA-8493)
666 Third Avenue
New York, New York  10017
Telephone: 212.935.3000
Facsimile: 212.983.3115
*Attorneys for Clariti Eyewear, Inc.*

ACTIVE 4187051v.1