**Document Filed Electronically**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASPEX EYEWEAR, INC. and CONTOUR OPTIK, INC., | : <br> : Civil Action No. 07-cv-2373 (DC) (THK) <br> : <br> Plaintiffs,    : District Judge Denny Chin <br> v.   : Magistrate Judge Theodore H. Katz <br> : <br> CLARITI EYEWEAR, INC.,  : <br> : <br> Defendant.   x |
| CLARITI EYEWEAR, INC., | : <br> : <br> Counterclaim Plaintiff, : <br> v.    : <br> : <br> ASPEX EYEWEAR, INC. and CONTOUR OPTIK, INC.,  : <br> : <br> Counterclaim Defendants. x |

**PLAINTIFFS' RESPONSE TO DECLARATION OF KEVIN N. AINSWORTH**

Plaintiffs Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") submit this response to the October 16, 2008 Declaration of Kevin N. Ainsworth. As explained below, and for the reasons plaintiffs set forth in their opposition brief in response to defendant Clariti Eyewear, Inc.'s ("Clariti") earlier invalidity arguments (*See* Pls.' Corrected Mem. in Opp'n to Def.'s Mot. For Summ. J. 17-25 (Dkt.43)), the Office Action attached to the Ainsworth Declaration does not impact the validity of the '747 Patent and does not alter Clariti's failure to adduce clear and convincing evidence of invalidity.

The Office Action in the '747 Patent reexamination to which Clariti refers is an *interim* rejection. It does not invalidate any claim of the '747 Patent, and is not binding on this Court. (*See* Dkt.43, at 17 (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988)).) Interim rejections are common both during original patent prosecution and during reexamination, and

935654_1.DOC

most issued patents are the result of an applicant overcoming such rejections. Clariti's suggestion that an interim determination by the Patent Office could form the basis for a finding of patent invalidity in a district court, and could dispense with the need for a trial by eliminating all questions of material fact, is demonstrably false. (*See id.* at 17-18, 23.)

Clariti made the same argument in its original summary judgment papers, contending that a Patent Office order granting reexamination of the '747 Patent warranted a finding of patent invalidity. (*See* Clariti's Mem. of Law in Supp. of Mot. for Summ. J. 15-16, 18 (filed under seal).) As plaintiffs explained in response, the order granting reexamination was an interim determination and was not binding on this Court. (Dkt.43, at 17-18.) As plaintiffs further explained, Clariti's failure to offer any analysis from the perspective of a person of ordinary skill in the art comparing the claims to the prior art constituted a failure of proof on the issue of patent invalidity. (*Id.* at 23.) The recent Office Action does not remedy that failure of proof. Clariti continues to offer interim Patent Office determinations in support of its request for a final determination of patent invalidity, and still has not established that there are no questions of material fact. In particular, Clariti has not demonstrated the absence of factual questions regarding several limitations of the '747 Patent claims that plaintiffs maintain are absent from the cited Madison and Iwamoto references. (*Id.* at 18-22).

This Court has rejected numerous applications by Clariti for a stay in light of the '747 Patent reexamination, consistent with the fact that interim developments in reexamination do not impact the validity of the '747 Patent, nor the presumption that the patent is valid. Clariti has not, and cannot, demonstrate that its reexamination *will* alter or invalidate any asserted claim of the '747 Patent, and plaintiffs intend to challenge the interim Office Action vigorously, explaining, as plaintiffs have done in the present summary judgment record, that the '747 Patent claims are very different from Iwamoto and Madison and include several limitations not taught by the prior art. (*See id.* at 19-25.)

Clariti's further suggestion that the Office Action is pertinent to Clariti's inequitable conduct argument is also incorrect.  The Madison Patent discussed in the Office Action is *not* the basis for Clariti's inequitable conduct argument.  Rather, Clariti's argument is based on a patent *application*, which the '747 Patent inventor never saw.  (*See id.* at 28-30; Clariti's Mem. of Law in Supp. of Mot. for Summ. J. 19-24.)

For these reasons, the cited Office Action does not alter Clariti's failure to establish patent invalidity or unenforceability.  Plaintiffs thus respectfully request that the Court deny Clariti's motion for summary judgment in its entirety, and deny Clariti's request for attorney fees under 35 U.S.C. § 285.

                                              Respectfully submitted,

                                              LERNER, DAVID, LITTENBERG,
                                               KRUMHOLZ & MENTLIK, LLP
                                             600 South Avenue West
                                             Westfield, NJ 07090-1497
                                             Tel:    908.654.5000
                                             Fax:   908.654.7866

Dated: October 21, 2008                        By:    s/ Russell W. Faegenburg
                                                     Russell W. Faegenburg
                                                     Tel:    908.654.5000
                                                   E-mail: rfaegenburg@ldlkm.com
                                                          litigation@ldlkm.com
                                            *Attorneys for Plaintiffs Aspex*
                                            *Eyewear, Inc. and Contour Optik, Inc.*